

**United States Department of Justice**
*United States Attorney*
*District of New Jersey*
*Civil Division*

*402 E. State St., Room 430*         general number:  (609) 989-2190
*Trenton, New Jersey 08608*         telephone: (609) 989-0562
                                                              fax: (609) 909-2360
                                                    e-mail: Karen.Shelton@usdoj.gov

Filed Electronically
Copy via Facsimile
856-757-5535

Honorable Joel Schneider
United States Magistrate Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

September 10, 2009

    Re:  <u>*Stephen Omogbehin v. Maria Cino, Acting Secretary,*
         *Department of Transportation*</u>, Civil Action No. 06-4581

Dear Judge Schneider:

    Please accept this letter in lieu of a more formal sur-reply, in anticipation of the hearing scheduled for Monday, September 14, 2009, on Plaintiff's spoliation motion.  The only issue raised in reply that Defendant wishes to address in writing prior to the hearing relates to the sufficiency of the declarations of Yak, Cannizzaro, Albert and Laswell.
    Plaintiff alleges these declarations, submitted in opposition to Plaintiff's motion for spoliation sanctions, should be struck because the facts stated by the declarants therein "are true to the best of my knowledge, information *provided to me*, and/or belief" (emphasis added).  Plaintiff claims such language demonstrates a lack of personal knowledge of the facts, rendering the declarations insufficient and inadmissible as hearsay.
    Prior to Plaintiff's objection, Defendant's counsel had not noticed that the declarations used the language "to the best of my knowledge, information *provided to me*, and/or belief", as it was substantially similar to the language typically used in such declarations, "to the best of my knowledge, information and belief."
    Upon receiving the objection, I contacted the agency to confirm that, in fact, the facts alleged in the declarations were within the declarants' personal knowledge.  Agency counsel and the declarants have confirmed that the contents of their declarations were based on personal knowledge, and the precursor language used was simply the result of inartful pleading.
    The contents of the declarations themselves so demonstrate, as the declarations clearly refer to things done, said, or witnessed by the declarants.  Accordingly, the declarations should not be struck as hearsay.  Out of an abundance of caution,

Defendant submits the attached revised declarations of Yak, Cannizzaro, and Albert to address Plaintiff's concerns, and asks the Court to accept them *nunc pro tunc*.

Moreover, even in their original form the declarations are sufficient under the law in this district and should not be struck. The sufficiency of affidavits is governed by 28 U.S.C. § 1746, which provides in pertinent part:

> Wherever, under any law of the United States or under any rule, ... any matter is required ... to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in **substantially** the following form: ...
> (2) If executed within the United States ...: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

28 U.S.C. § 1746(emphasis added). "Critical in the statutory prerequisite is the phrase 'under penalty of perjury,' as the purpose of 28 U.S.C. § 1746 is 'to set the stage for a federal prosecution in the event of falsity.'" U.S. v. Branella, 972 F.Supp. 294, 299-300 (D.N.J.,1997)(citations omitted). "[S]o long as an otherwise unsworn affidavit is filed under penalty of perjury, it satisfies the affidavit requirement of Fed.R.Civ.P. 56." Id; United States v. 225 Cartons, More or Less, of an Article or Drug, 871 F.2d 409, 414 n. 4 (3d Cir.1989); see also Noske v. Dicaterino Contracting, Inc., Civ. A. No. 92-4153, 1994 WL 386850 (D.N.J. Jul.19, 1994) (declaration under penalty of perjury suffices to comply with section 1746).

In this case, the declarations substantially comply with the statutory language cited in 28 U.S.C. § 1746, because all are made "under penalty of perjury", the language deemed critical in district courts in New Jersey. Accordingly, they are sufficient to support a motion or opposition thereto, and should not be struck.

Most of the factual statements made by Yak are statements which simply serve to authenticate the documentary exhibits attached to them, and plaintiff has not disputed the authenticity of the underlying exhibits. The remaining declarants' statements simply outline the actions taken by them personally in order to produce additional emails to Plaintiff, and Plaintiff has not disputed the authenticity of the emails produced as a result. As

2

such, Plaintiff's request to strike the declarations appears to be aimed at the form of the declarations, rather than their substance.  Generally, "evidence should not be excluded ... on hypertechnical grounds."  <u>Fowle v. C&C Cola</u>, 868 F.2d 59, 67 (3d Cir. 1989); <u>Williams v. U.S. Army Corps. Of Engineers</u>, 2007 WL 2261559 (D. NJ August 2, 2007).  Accordingly, Plaintiff's request to strike the declarations should be denied, or in the alternative, the Court should accept the revised declarations.

                Sincerely,

                RALPH J. MARRA, JR.
                Acting United States Attorney

                */s/ Karen H. Shelton*
                KAREN H. SHELTON
                Asst. United States Attorney
                Attorney for Defendant

cc: Dennis Friedman